KATHRYN R. VOGEL
First Assistant United States Attorney

SETH BRICKEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: seth.brickey-smith@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID IBARRA,<br><br>Defendant. | No. 3:25-mj-00083-KFR |

**DETENTION MEMORANDUM**

The government respectfully submits this memorandum to support its request that the defendant David Ibarra be detained and transferred in custody to the Eastern District of New York for his initial appearance in connection with the criminal complaint filed in that district. *See United States of America v. Ibarra*, No. 25-mj-48 (E.D.N.Y.). The Government will move for a detention order pursuant to both 18 U.S.C. § 3142(f)(1)(E) and (f)(2)(A). As further described below, the defendant poses a significant danger to the community and is a flight risk.

## LEGAL STANDARD

The defendant is charged by complaint with producing child pornography, in violation of Title 18, United States Code, Section 2251(a). These charges carry a statutory presumption under 18 U.S.C. § 3142(e)(3) that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *See* 18 U.S.C. § 3142(e)(3)(E) (presumption for offenses involving minor victims under 18 U.S.C. §§ 2251 and 2252). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Moreover, "[t]he presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.*

If a defendant proffers evidence to rebut the presumption of dangerousness, courts must considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

# DISCUSSION

## I. The Defendant is a Danger to the Community and Presents a Serious Risk of Flight

The defendant is 31 years old and recently relocated to Anchorage, Alaska. As part of the offense conduct charged in the complaint, the defendant manipulated and coerced a nine-year old girl ("Jane Doe") to produce sexually explicit photographs and videos of herself and send them to him via text message. The defendant took on the fake persona of a 13-year-old named "Dave" when communicating with Jane Doe and used the offer of money to persuade Jane Doe to send these disturbing images. During their communications over text message, the defendant pressured the victim to send him more images and directed her as to what he wanted Jane Doe to do. For instance, the following text messages sent from the defendant were recovered from Jane Doe's cellphone:

- August 22, 2024: Not enough. Take them off it's like wearing a bikini.
- August 29, 2024: Can we be a little dirty before we go to sleep? Pls and I'll send money…
- August 29, 2024: Take your spandex off pay [sic] and rub it again and show me more of it
- August 29, 2024: Can I see it again and can you open it with your fingers

The power the defendant—a 31-year-old man—exerted over a 9 year-old child, cannot be overstated. Jane Doe sent the defendant numerous pictures of herself in various suggestive positions, including sexually explicit images exposing her vagina and

*U.S. v. Ibarra*
3:25-mj-00083-KFR　　　　　　　　Page 3 of 7
Case 3:25-mj-00083-KFR　　Document 4　　Filed 02/13/25　　Page 3 of 7

masturbating. The defendant's dogged efforts to sexually exploit Jane Doe and the way in which he induced her to engage in specific, sexually explicit acts makes this already disturbing crime even more serious. Indeed, a review of Jane Doe's cellphone revealed at least 17 separate payments totaling $191.00 sent to her from the defendant in August 2024.

On February 12, 2025, FBI agents arrested the defendant outside of his residence in Anchorage, Alaska. After he was in custody, the defendant agreed to be interviewed. Before interviewing the defendant, agents advised him of his *Miranda* rights. The defendant waived those rights and made the following admissions in sum, substance and relevant part: (a) he made contact with Jane Doe online and began communicating with her via cellphone; (b) he believed that Jane Doe was 12 years-old; (c) he made payments to Jane Doe via Apple Pay and in exchange she sent him sexually explicit images of herself; (d) he sent the text messages outlined above to Jane Doe; (e) he was shown and acknowledged that the sexually explicit images of Jane Doe that were recovered from his iCloud account, pursuant to a lawfully executed search warrant, were images that she created and sent to him at his request; and (e) that he has communicated with other minor females who have sent him sexually explicit images of themselves at his request, including a girl in New Jersey.

Furthermore, after arresting the defendant, agents conducted a cursory search of the defendant's cellphone to look for further evidence of the defendant's exploitation of children, pursuant to a search warrant signed by a magistrate judge sitting in the District of Alaska on February 11, 2025 (3:25-mj-00075-KFR). During their search, agents discovered more than a dozen photographs of Jane Doe in the defendant's cellphone,

*U.S. v. Ibarra*
3:25-mj-00083-KFR   Page 4 of 7
Case 3:25-mj-00083-KFR   Document 4   Filed 02/13/25   Page 4 of 7

often in suggestive poses. Agents also identified sexually explicit images of a pre-pubescent female who is not Jane Doe, which is consistent with the defendant's admission that there are more victims with whom he was in communication. Thus, the nature and circumstances of the charged crime strongly support detention. The horrific nature of the crimes against Jane Doe is self-evident and, by his own admission, there are more victims. Accordingly, the government respectfully submits that there is clear and convincing evidence establishing that the defendant is a danger to the community and should be detained pending his initial appearance in the Eastern District of New York.

    In addition, the evidence in this case is overwhelming and strongly supports detention. The defendant is charged with some of the most serious federal crimes involving the sexual exploitation of children. The investigation has recovered illicit messages sent to Jane Doe from the defendant's cellphone, sexually explicit images of Jane Doe from the defendant's iCloud account, additional images of child pornography from the phone recovered from the defendant at his arrest, and a full confession from the defendant. The defendant's abusive behavior is even more dangerous because it was focused on some of the most vulnerable members of the community—pre-teen girls. By encouraging and, in some cases, coercing these children to create exploitative images of themselves for him, he has undoubtedly caused them great, and possibly irreparable, psychological harm.

//

//

The defendant's history of sexually abusing minors is deeply disturbing and includes multiple victims. He was able to commit these crimes for some time without being detected by the victims' parents, which should give the Court serious doubts that the defendant's crimes would be effectively detected on pretrial supervision. If the defendant were released and found a way to continue this pattern of criminal behavior, the harm to the community at large would be beyond measure. It is the government's position that nothing short of detention can adequately protect the minor victims in this case and the community from the danger posed by the defendant.

Finally, the defendant poses a significant risk of nonappearance if released. The offenses with which the defendant is charged include producing child pornography, which carries a statutory mandatory minimum of fifteen years' imprisonment and a statutory maximum of 30 years. 18 U.S.C. §§ 2251(a), 2251(e). The Second Circuit has held that the possibility of a severe sentence is an important factor in assessing flight risk. *See United States v. Jackson*, 823 F.2d 4, 7 (2d Cir. 1987); *United States v. Cisneros*, 328 F.3d 610, 618 (10th Cir. 2003) (defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond); *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight.").

//

//

//

*U.S. v. Ibarra*
3:25-mj-00083-KFR        Page 6 of 7
Case 3:25-mj-00083-KFR    Document 4    Filed 02/13/25    Page 6 of 7

## CONCLUSION

For the reasons set forth above, the defendant should be detained pending transfer to the Eastern District of New York for his initial appearance on the instant charges. He poses a significant danger to the community and flight risk if released, and no condition or combination of conditions will ensure the safety of the community and the defendant's appearance in the Eastern District of New York.

RESPECTFULLY SUBMITTED February 13, 2025 at Anchorage, Alaska.

KATHRYN R. VOGEL
First Assistant United States Attorney

s/ *Seth Brickey*
SETH BRICKEY
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ *Seth Brickey*

*U.S. v. Ibarra*
3:25-mj-00083-KFR     Page 7 of 7
Case 3:25-mj-00083-KFR   Document 4   Filed 02/13/25   Page 7 of 7